SAMUEL GERRISH *et al.*, plaintiffs in error, *v.* MARSHALL AYRES *et al.*, defendants in error.

*Error to Brown.*

A submission of a special matter or thing, which is alleged to be the cause of difficulty and dispute, and a decision upon it, would take away all causes of action of which that matter or thing might have been the foundation.

The Court will intend, in all cases where an award consists in directing one or more things to be done by one party only, without any thing being awarded to be done by the other party, that the things so awarded are to be in satisfaction of the claims of that other party.

An award by arbitrators bars all suits springing out of the subject matter of the award.

In construing instruments of submission to arbitration, courts always give as large a construction to them as the words of the instrument, and the intention of the parties, drawn from their own words, will warrant.

A bond of submission to arbitration recited that there were differences and disputes between the parties, arising from, and in consequence of the defendants' having erected a certain dam, and submitted to the arbitrators to arbitrate, award, order, adjudge, and determine, of, for, upon, and concerning the number of feet or inches the dam should be cut down or lowered, if any, so as not to damage or injure the plaintiffs' mill; as also the damage which might have been sustained, or how much, from the water of the dam; and also of and concerning all manner of actions, suits, controversies, trespasses, damages, and demands whatsoever, at any time or times heretofore made, brought, moved, commenced, sued, prosecuted, done, suffered, committed, or depending, by or between the plaintiffs and defendants, for or by reason of any other matter, or cause, or thing whatsoever, from the beginning of the world to the day of the date thereof, which was the 15th day of August, 1839. On the 22d day of August, 1839, the arbitrators made and published their award, by which they ordered and adjudged that the defendants should cut down that part of their dam next to and adjoining their saw mill, so that the same should be as low as the middle of said dam, or the top of the planking over

which the water fell at the day of the date of the award, and that the defendants should, on or before the 1st day of October, 1839, pay the plaintiffs the sum of $10, in full satisfaction of all demands, &c., and that all actions between the parties, for any cause, arising at or before entering into the bond of arbitration, should, from the date of the award, cease: *Held,* that a fair interpretation of the submission must lead to the conclusion, that it was the honest intention of both parties, by the arbitration, to settle all controversies about the dam, for all time to come— to remove the cause of quarrel forever; and that the award was in conformity with the submission, and certain, mutual, and final, and its performance, on the part of the defendant, was a good bar to an action commenced by the plaintiffs against the defendants, in March, 1840, for erecting the dam, by which their mill, higher up the stream, was injured, and their ford destroyed.

There is scarcely any exception whatever to the rule, that all actions at law, and suits in equity, or causes of action, may be referred to arbitrators.

THIS cause was heard in the Brown Circuit Court, at the April term, 1841, before the Hon. Stephen A. Douglass.

W. A. MINSHALL, for the plaintiffs in error, cited Kyd on Awards 175, 208, 240–1; Cro. Eliz. 838; 7 East 81; Cro. Jac. 200, 355; Watson on Arb. 207–8; Steph. Plead. 170–1, 285, 288–9, 343–4, 385; 6 Peters' Cond. R. 383, 393–4; 1 Peters 227; 1 Chit. Plead. 462; 2 Taunt. 156; 2 Barn. & Cres. 918; 2 Scam. 31.

O. H. BROWNING, for the defendants in error, cited Karthaus *v.* Ferrer *et al.,* 1 Peters 225; Watson on Arb. 142—5, 154–5, 176–7, 203, 206–7, 209; Kyd on Awards 211, 242; 2 Chit. Plead. 469–70; McKinstry *v.* Solomons, 2 Johns. 57; Solomons *v.* McKinstry, 13 Johns. 28; Byers *v.* Van Deusen, 5 Wend. 270; Jackson *v.* Ambler, 14 Johns. 108; Armstrong *v.* Master, 11 Johns. 190; Logsdon *v.* Roberts' Ex'rs, 3 Monroe 256–7; Shackleford *v.* Purket, 2 Mass. 438; Hunter *v.* Rice, 15 East 100.

BREESE, Justice, delivered the opinion of the Court:

The plaintiffs in error brought an action on the *case,* in the Brown Circuit Court, against the defendants in error, for erecting a dam across McKie's creek, in that county, by which their mill, higher up the stream, was injured, and their ford across the creek destroyed. The amended declaration of the plaintiffs, in which their cause of action is set forth, avers that they were seized and possessed of the mill and land on the 1st day of May, 1837, and that the defendants erected their dam on the 1st day of June, 1837, and continued it until the 17th day of July, 1839, and still continue it. This declaration was filed as of the April term, 1840, the writ having issued on the 7th day of March, 1840.

The defendants pleaded not guilty, and a special plea in bar, setting forth that before the institution of this suit, to wit, on the 15th day of August, 1839, there were differences and disputes between the plaintiffs and defendants, arising out of the erection of the dam by the defendants, and that they submitted them to arbitration, and entered into bonds, with penalties, to stand to and abide

by the award of the arbitrators; that the submission was "to arbitrate, award, order, adjudge, and determine of, for, upon, and concerning the number of feet or inches a certain dam, known as the Rochester dam, shall be cut down or lowered (if any), so as not to damage or injure the plaintiffs' mill; as also the damage which may have been sustained, and how much, from the water of the mill dam (if any); and also of and concerning all and all manner of action, or actions,·suits, controversies, trespasses, damages, and demands whatsoever, at any time or times heretofore made, brought, moved, commenced, sued, prosecuted, done, suffered, committed, or depending, by or between the plaintiffs and defendants, for or by reason of any other matter, or cause, or thing whatsoever, from the beginning of the world to the day of the date of said writing aforesaid, so as the said award be made in writing, &c., and ready to be delivered to the said plaintiffs and defendants, or some of them, on or before the twenty-second of August next after the date of said submission," &c. The plea then avers that the arbitrators took upon themselves the burden of the arbitration, and on the 22d day of August, 1839, made and published their award in writing, &c., " of and concerning the matters in difference aforesaid," &c., "and did thereby arbitrate, award, and order, decree, and adjudge, of and .concerning the matters in difference so submitted, that the defendants, or their heirs, &c., should, on or before the first day of October thereafter, take off or cut down that part of their dam next to and adjoining their saw mill, so that the same should be as low as the middle of said dam, or the top of the planking over which the water now falls, at the date of said award; and that they further ordered, awarded, and decreed and adjudged, that the defendant should, on or before the said first day of October, 1839, pay, or cause to be paid to the plaintiffs, the sum of ten dollars, in full payment, discharge, and satisfaction of and for all demands, moneys, debts, duties, due or owing to the said plaintiffs by the said defendants, upon any account whatsoever, at any time before entering into the said writing for arbitration; and the said arbitrators, in and by the said award, did further order and award, that all actions and suits commenced, brought, or depending, between the plaintiffs and defendants, for any matter, cause, or thing whatsoever, arising or happening at the time or before entering into the writings for arbitration, should, from the date of the award, cease and determine, and be no further prosecuted or proceeded in, &c.; and the defendants aver, that the several grievances complained of in the declaration mentioned, have arisen and proceeded from and in consequence of said dam described in the said award, and no other; and that the defendants, in pursuance of the said award, did offer to pay, and from the time of making the award, always have been, and are still ready to pay the ten dollars so awarded; and that they did, in conformity to said award, cut down and lower that part of their said dam next to and adjoining their saw mill, so

that the same was, and ever since has been, as low as the middle of the said dam, or the top of the planking over which the water fell at the time of the award, which they are ready to verify, &c."

To this plea the plaintiff demurred generally. The Court overruled the demurrer, thereby deciding that the plea was a good bar to the action. This decision of the Court, overruling the demurrer, is now here assigned as error by the plaintiffs.

The demurrer admits the submission and award to be as stated in the plea, and the question arises, whether, by their terms, this suit was barred. The plaintiffs contend the submission only empowered the arbitrators to decide upon past matters of difference, and not to settle the controversy between them and the defendants for all time to come. They insist that their suit is brought for damages sustained since the submission was made, and since the award, the writ having issued on the 7th day of March, 1840, and the award having been made on the 22d day of August preceding, and that space of time is not covered either by the submission or the award.

In construing instruments of submission to arbitration, courts always give as large a construction to them as the words of the instrument, and the intention of the parties, drawn from their own words, will warrant. To determine, then, what the parties intended to submit, reference must be had to the submission, as set out in the plea. After reciting that there were differences and disputes between the plaintiffs and defendants, arising from, and in consequence of, the defendants having erected the dam described in the plaintiffs' declaration, they were submitted to certain persons to arbitrate :

*First.* To arbitrate, award, order, adjudge, and determine of, for, and upon, and concerning the number of feet or inches a certain dam, known, &c., shall be cut down or lowered, if any, so as not to damage the plaintiffs' mill ;

*Second.* The damage which they may have sustained, and how much, from the water of the mill dam, if any ;

*Third.* And also of and concerning all and all manner of action, or actions, suits, controversies, trespasses, damages, and demands whatsoever, at any time or times theretofore made, &c., or depending between them, for or by reason of any matter, or cause, or thing whatsoever, from the beginning of the world to the day of the submission.

It is manifest from the terms of this submission, that the principal grievance complained of by the plaintiffs, was the mill dam erected by the defendants; that was the cause of the differences and disputes between them, and they were to be ended by an arbitration. The design was to ascertain the true cause of the injury complained of by the plaintiffs, and if it should be found to exist in the height of the defendants' dam, then to remove the cause of difference, by lowering or cutting down the dam. These

were the most important matters submitted, and to end all controversies about them, was the inducement to the submission. It would have been equally an useless and unprofitable act, on the part of the defendants, to consent to have the cause of the injury removed at their expense, and at the same time leave themselves exposed to suits, and to all actions the plaintiffs might choose to prosecute thereafter. This never could have been their intention, nor the intention of the plaintiffs. No good could result from the arbitration, if the differences and disputes arising out of the dam were not to be terminated by it. A fair interpretation of the submission must lead to the conclusion, that it was the honest intention of both parties, by the arbitration, to settle all controversies about the dam for all time to come—to remove the cause of quarrel forever.

The plaintiffs' cause of action was then fully submitted, which it was in the power of the parties to do ; for there is scarcely any exception whatever to the rule, that all actions at law, and suits in equity, or causes of action, may be referred to arbitrators.

If the submission had been of causes of action arising out of the defendants' mill dam, in general terms, and nothing more, an award directing the dam to be lowered, so as to remove the injury, and a compliance with the award by the defendants, would be within the terms of the submission, and would forever after bar the plaintiffs of an action. A submission, then, of a specific matter or thing, which is alleged to be the cause of difficulty and dispute, and a decision upon it, would take away all causes of action of which that matter or thing might have been the foundation.

The award is in conformity with the submission ; it does not extend beyond it ; it is certain, mutual, and final. It is mutual, for the Court will intend, in all cases where an award consists in directing one or more things to be done by one party only, as in this case, without any thing being awarded to be done by the other party, that the things so awarded are to be in satisfaction of all claims or demands of that other party. The acts and things awarded to be done by the defendants, for the benefit of the plaintiffs, must be taken to be in full satisfaction for any claim to damages they before had, or might have, arising out of the erection of the mill dam by the defendants. We are therefore of opinion, that the decision of the arbitrators, directing the dam to be lowered, and a compliance therewith, and awarding damages for the injury sustained, covers the whole ground of controversy between the parties, and, like the judgment of a court upon a cause of acion, bars any and all suits springing out of that subject matter. The parties are precluded from litigating the same matters again.

The judgment is affirmed at the costs of the plaintiffs.

*Judgment affirmed.*